UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN LEMERY, et al., | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 4:09CV00167 JCH ) |
| CHELSEA DUROSO, et al., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Duroso's Motion to Dismiss or in the Alternative for More Definite Statement ("Motion") (Doc. No. 7).[1]  The matter is fully briefed and ready for disposition.

**BACKGROUND**

Cory Arthur Lemery was killed in a motorcycle accident on September 21, 2008. (Verified Complaint ("Complaint" or "Compl."), Doc. No. 1, ¶ 10).  Plaintiffs Kevin Lemery, Sr. and Michelle Lemery are the biological parents of Cory Lemery. (Compl., ¶ 1).  Plaintiff Kevin Lemery Jr. is the biological brother of Cory Lemery. (Compl., ¶ 2).  Defendant Chelsea Duroso ("Duroso") is the biological mother of H.A.L., and Defendant H.A.L. is Duroso's minor child. (Compl., ¶¶ 4, 5). Defendant Prudential Insurance Company of America ("Prudential") is the capital life insurance company that issued Group Policy No. G-3200 to members of the United States armed forces.

---

[1] The Motion is brought on behalf of "Defendant Duroso," but Defendants' Memorandum of Law in Support of the Motion to Dismiss ("Memorandum of Law") (Doc. No. 8) and Defendants' Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss ("Reply") (Doc. No. 10) both purport to be filed by "Defendants."  For consistency purposes, the Court will refer to the Motion as being filed by only Defendant Duroso.

(Compl., ¶¶ 3, 8). Cory Lemery was a member of the Navy at the time of his death and was insured with a death benefit of $400,000 under the Group Policy. (Compl., ¶ 9).

On February 6, 2007, Cory Lemery submitted a Servicemembers' Group Life Insurance Election and Certificate ("Election Form") naming Kevin Lemery, Sr. and Michelle Lemery as his beneficiaries. (Compl., ¶ 12). Cory Lemery later submitted another Election Form naming Chelsea Duroso and H.A.L. as his beneficiaries. (Compl., ¶ 13). Cory named H.A.L. as his "son" on the Election Form. (Compl., ¶ 13).

Plaintiffs and Defendant Duroso have submitted conflicting claims to the Office of Servicemembers' Group Life Insurance ("OSGLI") for the full benefits under the Group Policy. (Compl., ¶¶ 15, 16). Plaintiffs informed OSGLI of their belief that H.A.L. was not the biological son of Cory and that Cory's beneficiary designations of Duroso and H.A.L. likely were procured by fraud. (Compl., ¶ 14). A subsequent DNA test has revealed that H.A.L. is not the biological son of Cory and not the biological grandson of Kevin Lemery, Sr. (Compl., ¶¶ 22, 24).

Plaintiffs filed this Complaint against Defendants alleging claims for fraud (Count I), undue influence (Count II), mistake (Count III) and unjust enrichment (Count IV). As stated above, Duroso filed the instant Motion to Dismiss on February 19, 2009. (Doc. No. 7). Duroso asserts that Plaintiffs have not pled Counts I and III with the requisite particularity required under Fed.R.Civ.P. 9(b).

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in

favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Kaminsky v. Missouri, No. 4:07-CV-1213, 2007 U.S. Dist. LEXIS 72316, at *5-6 (E.D. Mo. Sept. 27, 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 127 S. Ct. at 1965; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## **DISCUSSION**

A. Elements of Claims for Fraud and Mistake

"When a federal court hears a diversity case, although the court applies the applicable state substantive law, the Federal Rules of Civil Procedure generally govern." Roberts v. Francis, 128 F.3d 647, 650-51 (8th Cir. 1997) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965)). Under Missouri law, the "elements of fraud are: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity, or his ignorance of its truth; 5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of the falsity of the representation; 7) the hearer's reliance on the representation being true; 8) his right to rely thereon; and, 9) the hearer's consequent and proximately caused injury." Toghiyany v. Amerigas Propane, Inc., 309 F.3d 1088, 1092 (8th Cir. 2002) (citations omitted); Chase Electric Co. v. Acme Battery Mfg. Co., 798 S.W.2d 204, 210 (Mo. Ct. App. 1990) (citing Heberer v. Shell Oil Co., 744 S.W.2d 441, 443 (Mo. banc 1988)). Plaintiff has the burden to establish a submissible case of fraud,

and "failure as to any one essential element is fatal to the entire claim." Mash v. Brown & Williamson Tobacco Corp., No. 4:03cv0485, 2004 U.S. Dist. LEXIS 28951, at *28-29 (E.D. Mo. Aug. 26, 2004) (citing Craft v. Metromedia, Inc., 766 F.2d 1205, 1218 (8th Cir. 1985)).

Similarly, "[t]he elements necessary for a Court to grant relief in the event of a unilateral mistake include: (1) the opposing party must possess knowledge of the unilateral mistake or the mistake must be of such nature that it should have been known by the opposing party, (2) the unilateral mistake must concern a vital matter so that the court could conclude that the parties never actually agreed to the contractual elements, and (3) the party seeking rescission must act promptly on discovering the reason and need for rescission." Electro Battery Mfg. Co. v. Commercial Union Ins. Co., 762 F. Supp. 844, 852 (E.D. Mo. 1991) (citing Sheinbein v. First Boston Corporation, 670 S.W.2d 872, 876 (Mo. Ct. App. 1984)). "Typically the other party must have reason to know of the mistake, have caused it, or the effect of the mistake makes enforcement of the contract unconscionable." Mid-America Real Estate Co. v. Iowa Realty Co., 385 F. Supp. 2d 828, 836 (S.D. Iowa 2005).

B.  Plaintiffs' Claims for Fraud and Mistake are Pled with Sufficient Particularity.

Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.'" Schaller Telephone Co. v. Golden Sky Systems, Inc., 298 F.3d 736, 746 (8th Cir. 2002) (quoting Commercial Property v. Quality Inns, 61 F.3d 639, 644 (8th Cir. 1995)); see also United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 557 (8th Cir. 2006). To comply with Rule 9(b), the pleading must include details such as "the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in

- 4 -

them, and what was obtained as a result." United States ex rel. Joshi, 441 F.3d at 556. Essentially, "the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." Id.; BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). The "particularity required by Rule 9(b) 'is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations.'" Patterson v. Dierberg's Mkts., Inc., 4:08cv0689, 2009 U.S. Dist. LEXIS 18130, at *7 (E.D. Mo. Mar. 10, 2009) (quoting United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003)). Courts, however, interpret Rule 9(b) "in harmony with the principles of notice pleading." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001). Therefore, the pleading does not have to show all of these factors under Rule 9(b) to plead fraud with sufficient particularity, but must state enough so that its pleadings are not "merely conclusory." Roberts, 128 F.3d at 651, n. 5.

In Count I of their Complaint, Plaintiffs allege Defendant Duroso fraudulently induced decedent Cory Lemery to name Duroso and H.A.L. as his beneficiaries under his Group Policy. Plaintiffs allege that Cory changed the beneficiaries for this Group Policy based upon the following representations by Duroso:

a. That during the period of possible conception of H.A.L. Cory was Duroso's only sexual partner (Compl., ¶ 26);
b. That H.A.L. was Cory's "natural" child (Compl., ¶¶ 27, 28);
c. That Cory was the only possible father of H.A.L. (Compl., ¶29);

Plaintiffs allege that Duroso made these representations "intending Cory rely on the same by acting as H.A.L.'s father and to financially provide for her and H.A.L., including upon Cory's death." (Compl., ¶ 34).

In Count III, Plaintiffs allege that Cory named Duroro and H.A.L. as beneficiaries under the Group Policy based upon his mistaken belief that H.A.L. was his child. (Compl., ¶¶ 58-60). Plaintiffs allege Duroso's false representations caused Cory's mistaken belief that he was H.A.L.'s father.

(Compl., ¶¶ 64-65). Finally, Plaintiffs allege that Cory would not have named Duroso and H.A.L. as his beneficiaries if he were not under the mistaken belief that Cory was H.A.L.'s father. (Compl., ¶¶ 60-62).

In her Motion to Dismiss, Duroso asserts several deficiencies with respect to Counts I and III of Plaintiffs' initial pleading. Duroso argues that Plaintiffs have not alleged with particularity the content of the alleged "representations" made by Defendant Duroso. (Motion, ¶¶ 3, 8). Duroso further alleges that Plaintiffs have not alleged when, where, how or to whom the alleged representations were made. (Motion, ¶¶4-7, 9-12).

Duroso relies on this Court's ruling in Infonow Solutions of St. Louis, LLC v. Nat'l City Corp. to support her position that Duroro's allegations are insufficient to satisfy the Rule 9(b) pleading requirements. (Reply, pp. 3-4). Duroso asserts that, like Infonow, the plaintiffs have alleged "generic 'representations'" without any specifics. (Reply, p. 3). In Infonow, the plaintiff did not limit the fraud allegations to a specific employee or manager, but instead claimed that the fraud resulted from the "conduct of National City as **a corporation**[.]" Infonow Solutions of St. Louis, LLC, No. 4:08CV00569, 2008 U.S. Dist. LEXIS 65656, at *17 (E.D. Mo. Aug. 27, 2008)(emphasis in original). This Court held that Infonow's boilerplate allegations did not satisfied the "who, what, where, when, and how" requirements under Rule 9(b) for a fraud claim. Id. (citing United States ex rel. Joshi, 441 F.3d at 556; Foam Supplies, Inc. v. Dow Chem. Co., No. 4:05CV1772 CDP, 2006 U.S. Dist. LEXIS 53497, at *43-44 (E.D. Mo. Aug. 2, 2006)); see also Northwestern Mut. Life Ins. Co. v. Gallinger, No. 4:07cv1324, 2008 U.S. Dist. LEXIS 93584, at *12-13 (E.D. Mo. Nov. 18, 2008) ("an allegation that the misrepresentations are by an agent of Plaintiff does not identify who, and there are no allegations of when or where").

Defendant also relies on BJC Health Sys. v. Columbia Cas. Co. in support of its Motion. (Memorandum of Law, pp. 2-3, 5). In that case, the Eighth Circuit affirmed the district court's motion to dismiss because the complaint alleged that "the second actuarial analysis was false," without further explanation of how the analysis was false. Id., 478 F.3d at 917-18. The Eighth Circuit held that the complaint did not allege the "how" of the fraud or, in other words, the complaint did "not state, for example, whether the report relies on flawed data, makes incorrect assumptions, or employs suspect methodology." Id. at 918.

In the instant case, the Court finds that Plaintiffs have sufficiently alleged their claims for fraud and mistake. Unlike Infonow and BJC, Plaintiffs have alleged the person making the representations (Duroso); the nature of the representation (that Cory Lemery was undoubtedly the biological father of H.A.L.); the "how" of the fraud and mistake (Duroso, having superior knowledge, told Cory he was H.A.L.'s father); and a reasonable time frame during which the representations occurred (during the gestation of H.A.L. until Cory Lemery's death).[2] The representations were made only by Defendant Duroso to Kevin Lemery, Sr., Michelle Lemery, Cory Lemery, and/or Kevin Lemery, Jr. "Plaintiffs' fraud claim consists of allegations that are not merely conclusory, but instead are specific enough to enable Defendant to construct an appropriate response." Bendsen v. George Weston Bakeries Distrib., No. 4:08CV50, 2008 U.S. Dist. LEXIS 74212, at *20 (E.D. Mo. Sept. 26, 2008). Duroso should be able to respond to whether she made representations about the father of her child to the Plaintiffs during the relevant time period. Although the eleven page complaint does not

---

[2] Plaintiffs allege that Cory's death occurred on September 21, 2008. (Compl., ¶ 10). Plaintiffs note that H.A.L. was born on January 17, 2008. (Memorandum in Opposition to Defendant's Motion to Dismiss ("Memorandum in Opposition"), Doc. No. 9, p. 4). Accordingly, the timing of the representations would be between the time of conception (approximately April 2007) and September 21, 2008. The relevant time period extends only one and one-half years.

provide every instance of when the alleged fraudulent representations were made, the Court holds that Plaintiffs have sufficiently met their pleading burden.

Furthermore, the Eighth Circuit has noted that the level of particularity required to state a fraud claim "depends on, inter alia, the nature of the case and the relationship between the parties." BJC Health Sys., 478 F.3d at 917 (citing Payne v. U.S., 247 F.2d 481, 486 (8th Cir. 1957)). Here, the fraud involved is not a complicated and well-documented business transaction, but instead the private interaction between people regarding the paternity of a child. Even more, one of the recipients of this purported fraudulent information is now deceased. The Court determines that in the context of this litigation, Plaintiffs have pleaded the fraud and mistake claims in their Complaint with sufficient particularity to provide Defendants with a meaningful opportunity to respond promptly and specifically to Plaintiffs' allegations. Payne, 247 F.2d at 486.

Upon consideration, the Court will deny Defendant's Motion to Dismiss with respect to Counts I and III, because Plaintiffs have alleged causes of action for fraud and mistake.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 7) is **DENIED** in accordance with the foregoing.

Dated this 30th day of April, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE