UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN LEMERY, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00167 JCH |
| ) | |
| CHELSEA DUROSO, et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Kevin and Michelle Lemery's Motion to Strike Affirmative Defenses ("Motion") (Doc. No. 20). The matter is fully briefed and ready for disposition.

**BACKGROUND**

Cory Arthur Lemery was killed in a motorcycle accident on September 21, 2008. (Verified Complaint ("Complaint" or "Compl."), Doc. No. 1, ¶ 10). Plaintiffs Kevin Lemery, Sr. and Michelle Lemery are the biological parents of Cory Lemery. (Compl., ¶ 1). Plaintiff Kevin Lemery Jr. is the biological brother of Cory Lemery. (Compl., ¶ 2). Defendant Chelsea Duroso ("Duroso") is the biological mother of H.A.L., and Defendant H.A.L. is Duroso's minor child. (Compl., ¶¶ 4, 5). Defendant Prudential Insurance Company of America ("Prudential") is the capital life insurance company that issued Group Policy No. G-3200 to members of the United States armed forces. (Compl., ¶¶ 3, 8). Cory Lemery was a member of the Navy at the time of his death and was insured with a death benefit of $400,000 under the Group Policy. (Compl., ¶ 9).

On February 6, 2007, Cory Lemery submitted a Servicemembers' Group Life Insurance Election and Certificate ("Election Form") naming Kevin Lemery, Sr. and Michelle Lemery as his beneficiaries. (Compl., ¶ 12). Cory Lemery later submitted another Election Form naming Chelsea

Duroso and H.A.L. as his beneficiaries. (Compl., ¶ 13). Cory named H.A.L. as his "son" on the Election Form. (Compl., ¶ 13).

Plaintiffs and Defendant Duroso have submitted conflicting claims to the Office of Servicemembers' Group Life Insurance ("OSGLI") for the full benefits under the Group Policy. (Compl., ¶¶ 15, 16). Plaintiffs informed OSGLI of their belief that H.A.L. was not the biological son of Cory and that Cory's beneficiary designations of Duroso and H.A.L. likely were procured by fraud. (Compl., ¶ 14). A subsequent DNA test has revealed that H.A.L. is not the biological son of Cory and not the biological grandson of Kevin Lemery, Sr. (Compl., ¶¶ 22, 24).

Plaintiffs filed this Complaint against Defendants alleging claims for fraud (Count I), undue influence (Count II), mistake (Count III) and unjust enrichment (Count IV). As part of their Answer, Defendants included eight affirmative defenses to the Plaintiffs' claims. (Doc. No.16). In the instant Motion, Plaintiffs request that this Court strike Defendants' affirmative defenses Nos. 1 through 7, which state as follows:

1. Federal law controls the payment of benefits under the Servicemembers' Group Life Insurance Act, 28 U.S.C. §§ 1965-1980A, ("SGLIA") and preempts all claims asserted by Plaintiffs.

2. Plaintiffs fail to state a claim upon which relief may be granted.

3. Cory and Plaintiffs were negligent in that they acted unreasonably in relying on any representations made by Defendant Chelsea Duroso.

4. Cory and Plaintiffs had equal access as Defendants to information as to the truthfulness or falsity of the representations of Defendant Chelsea Duroso and failed to investigate.

5. Cory was aware that he may not be [the] father of H.A.L. prior to executing the Servicemembers' Group Life Insurance Election and Certificate form and chose to execute said form naming Defendants as beneficiaries thereby waiving any claim.

6. As the term is defined under SGLIA, H.A.L. is Cory's "child" and entitled to benefits under SGLIA.

7. H.A.L. was an innocent third party who made no representation and had no knowledge of any representation made by Defendant Duroso.

Plaintiffs assert that Defendants' affirmative defenses numbers 1, 2, 6, 7 should be stricken as insufficient as a matter of law and that affirmative defenses numbers 3, 4 and 5 should be stricken as redundant and insufficient as a matter of law.

Plaintiffs move to strike Defendants' affirmative defenses. For the reasons below, the Court grants Plaintiffs' motion to strike, in part, and denies Plaintiffs' motion to strike, in part.

### STANDARD FOR MOTION TO STRIKE

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] Fed. R. Civ. P. 12(f). "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." Simms v. Chase Student Loan Servicing, LLC, No. 4:08CV01480, 2009 U.S. Dist. LEXIS 28977, at *5 (E.D. Mo. Apr. 6, 2009) (internal citation omitted). "Although the Court enjoys 'broad discretion' in determining whether to strike a party's pleadings, such an action is 'an extreme measure.'" Airstructures Worldwide, LTD v. Air Structures Am. Techs. Inc., No. 4:09CV10, 2009 U.S. Dist. LEXIS 23707, at *1 (E.D. Mo. Mar. 23, 2009) (quoting Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)).

---

[1]"These terms have precise meanings under this rule. For example, redundant refers to statements wholly foreign to the issue or that are needlessly repetitive of immaterial allegations. ... Immaterial claims are those lacking essential or important relationships to the claim for relief. ... Impertinent claims are those that do not pertain to the issues in question." Simms v. Chase Student Loan Servicing, LLC, No. 4:08CV01480, 2009 U.S. Dist. LEXIS 28977, at *5, n. 3 (E.D. Mo. Apr. 6, 2009) (internal quotations and citations omitted).

"A motion to strike should 'be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" Bartoe v. Mo. Barge Line Co., No. 1:07CV165, 2009 U.S. Dist. LEXIS 34679, at *2 (E.D. Mo. Apr. 24, 2009) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). "'Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" Champion Bank v. Reg'l Dev., LLC, No. 4:08CV1807, 2009 U.S. Dist. LEXIS 40468, at *12 (E.D. Mo. May 13, 2009) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). Motions to strike affirmative defenses "should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances.'" Champion Bank, 2009 U.S. Dist. LEXIS 40468, at *12 (quoting FDIC v. Coble, 720 F. Supp. 748, 750 (E.D. Mo. 1989); Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 737 (N.D. Ill. 1982) ("Matters labeled affirmative defenses should be stricken only where it is completely certain they have been mistitled.").

## DISCUSSION

**I.     Affirmative Defense Numbers 1, 2, 6 and 7**

**First Affirmative Defense**

Defendants assert that they cannot be liable because SGLIA preempts Plaintiffs' claims. Defendants assert that because "all of the claims put forth in Plaintiffs' Complaint either directly or indirectly rely on state law" preemption is at issue and their first affirmative defense should not be stricken.

Preemption is an affirmative defense that must be pled. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 714-715 (8th Cir. 2008). Defendants, however, do not assert why the state law claims are preempted by SGLIA. Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike Affirmative Defenses ("Response"), Doc. No. 22, p. 3; Reply to Defendants' Memorandum in

Opposition of Plaintiffs' Motion to Strike Affirmative Defenses ("Reply"), Doc. No. 23, p. 1. Defendants fail to allege that Plaintiffs' state law claims are inconsistent with SGLIA. See Ridgway v. Ridgway, 454 U.S. 46, 60 (1981) ("the controlling provisions of the SGLIA prevail over and displace inconsistent state law"). Defendants cannot rely on their legal conclusion that Plaintiffs' cause of action is preempted. Defendants' first affirmative defense is insufficient as a matter of law and is stricken.

**Second Affirmative Defense**

Defendants' second affirmative defense alleges that "Plaintiffs fail to state a claim upon which relief may be granted." Plaintiffs assert Defendants' second affirmative defense is merely conclusory and insufficient as a matter of law. Plaintiffs also note that Defendants have already filed a Motion to Dismiss Counts I and III, which was denied by this Court.

Defendants' second affirmative defense should be stricken. Defendants have failed to allege any facts to support this legal conclusion. Likewise, failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiffs' prima facie case. See Boldstar Tech., LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007)("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). This Court holds that Defendants' Second Affirmative Defense is stricken as legally insufficient.

**Sixth Affirmative Defense**

Plaintiffs assert that the sixth affirmative defense is a mere legal conclusion. Defendants' sixth affirmative defense is "[a]s the term is defined under SGLIA, H.A.L. is Cory's 'child' and entitled to benefits under SGLIA." Plaintiffs allege that they "should not be required to speculate as to what

facts would place H.A.L. within the definition of 'child' under the statute." Memorandum in Support of Motion to Strike Affirmative Defenses ("Memorandum in Support") Doc. No. 21, p. 8. Plaintiffs further assert that "no set of facts can establish Defendants' affirmative defense as it is foreclosed by their admission that 'Cory is not the natural or legally adoptive father of H.A.L.'" Id. (quoting Answer, ¶19).

Having reviewed the parties' arguments, the motion to strike Defendants' sixth affirmative defense is denied. The challenged defense meets the pleading requirements of Federal Rule of Civil Procedure 8. Plaintiffs' allegations and Defendants' answer and defenses provide sufficient facts upon which Defendants base their affirmative defense. Further, as Defendants correctly pointed out, their admission that Cory is not the natural or legally adoptive father of H.A.L. does not impact Plaintiffs' recovery under SGLIA because the statute has its own definition of child and grounds for recovery. (Response, p. 7).

**Seventh Affirmative Defense**

Defendants allege that "H.A.L. was an innocent third party who made no representation and had no knowledge of any representation made by Defendant Duroso." As noted by Plaintiffs, however, under Missouri law, a beneficiary designation is void if procured by "fraud, duress or undue influence." (Reply, p. 7 (citing R.S.Mo.§ 461.054 (2009)). A claim of innocence on the part of the minor child for the allegedly fraudulent acts of his mother is an insufficient defense as a matter of law. Defendants' seventh affirmative defense is stricken.

II. **Affirmative Defense Numbers 3, 4 and 5**

**Third Affirmative Defense**

Plaintiffs assert that Defendants' third affirmative defense is redundant as a matter of law. Defendants assert in their third affirmative defense that "Cory and Plaintiffs were negligent in that they acted unreasonably in relying on any representations made by Defendant Chelsea Duroso." Defendants have already denied Plaintiffs' allegation that "[b]ased on Chelsea's false representations, Cory's actions were reasonable." (Compl., ¶ 45). Plaintiffs assert that the third affirmative defense is redundant of Defendants' denial of paragraph 45 of the Complaint. Defendants assert that the third affirmative defense is not redundant because "Defendants' defense includes not only Cory but also the Plaintiffs and does not limit the fact that they acted unreasonably to the alleged false misrepresentations of Mrs. [Chelsea] Duroso, but also that they were unreasonable in relying on any representation made by Mrs. Duroso." (Response, p. 5). In reply, Plaintiffs claim that the distinction described by Defendants is irrelevant because only the representations that Chelsea made to Cory are relevant to Plaintiffs' claims. (Reply, p. 4).

At this stage of litigation, the Court cannot find that Chelsea's representations to Plaintiffs are irrelevant to Plaintiffs' claims as a matter of law. Moreover, even if this defense is redundant, a "cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even if that approach may lead to leaving matters as affirmative defenses that could have been set forth in simple denials." Bobbitt, 532 F. Supp. at 736. Plaintiffs' Motion to Strike Defendants' third affirmative defense is denied.

**Fourth Affirmative Defense**

Defendants' fourth affirmative defense is "Cory and Plaintiffs had equal access as Defendants to information as to the truthfulness or falsity of the representations of Defendant Chelsea Duroso

and failed to investigate." Plaintiffs assert that Defendants' fourth affirmative defense should be stricken because it fails to provide a "short and plain statement" setting forth the factual basis for the defense and because it is redundant of Defendants' denial of the allegations in the Complaint. In response, Defendants assert that the affirmative defense is not redundant of Defendants' denial of the Complaint[2] because the affirmative defense addresses the Plaintiffs' knowledge, not just Cory's knowledge.

The Court finds that Defendants have adequately alleged their fourth affirmative defense. The parties are aware of, from Plaintiffs' allegations, the representations made by Defendant Chelsea Duroso. The parties will be able to determine through discovery whether Plaintiffs had "equal access" to the veracity of this information. In addition, the Court cannot hold, as a matter of law, that only Cory's knowledge (and not all of the Plaintiffs' knowledge) is relevant to Plaintiffs' claims. Bobbitt, 532 F. Supp. at 736 ("[I]f there is any real doubt about the defendant's right, under his denial, to offer proof of the matters, the affirmative defense should not be stricken.") Plaintiffs' Motion to Strike Defendants' fourth affirmative defense is denied.

**Fifth Affirmative Defense**

Defendants' fifth affirmative defense is "Cory was aware that he may not be [the] father of H.A.L. prior to executing the Servicemembers' Group Life Insurance Election and Certificate form and chose to execute said form naming Defendants as beneficiaries thereby waiving any claim." Plaintiffs asserts that this affirmative defense is redundant of Defendants' denial of paragraphs 30 and 43 of the Complaint: "Chelsea never indicated to Cory that it was possible that another man could

---

[2] Plaintiffs cite to their allegation that "Chelsea's knowledge as to the possible natural father was not available to Cory and was not discoverable by him." (Complaint, ¶33).

be the father of H.A.L." (¶ 30), "Cory had no reason to believe, and in fact, did not know the representations made by Chelsea were false." (¶ 43).

The Court will not strike Defendants' fifth affirmative defense. The affirmative defense of waiver is distinct from the allegations in paragraphs 30 and 43 of the Complaint.

### **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Kevin and Michelle Lemery's Motion to Strike Affirmative Defenses (Doc. No. 20) is **GRANTED**, in part, and **DENIED**, in part, in accordance with the foregoing.

**IT IS HEREBY FURTHER ORDERED** that Defendants' first, second and seventh affirmative defenses are **STRICKEN**.

Dated this 16th day of June, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE