## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KEVIN LEMERY, et al. ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:09-cv-00167 |
| v. ) | |
| ) | |
| CHELSEA DUROSO, et al. ) | |
| ) | |
| Defendants. ) | |

### STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, to adequately protect material entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), hereby stipulated and agreed by the undersigned parties that the following Order shall, subject to further Order of the Court, govern the confidentiality of discovery materials in this case:

1. This Protective Order governs the handling of information, including documents, electronic information, tangible things, depositions and deposition exhibits, interrogatory answers, responses to requests for admission, and other written, recorded, video recorded, or graphic matter ("discovery material") produced by any party or non-party which contains "confidential" information as hereinafter defined. This Order shall only apply to discovery material marked with "Confidential – Subject to Protective Order"; provided, however, all discovery material produced by any party or non-party in this action which was not marked with "Confidential – Subject to Protective Order", shall be considered confidential for the purposes of this Order for fourteen (14) days after the production of said discovery material. If after fourteen

2143744\1

(14) days said discovery material is not marked with "Confidential – Subject to Protective Order" by the producing party, then such material is not subject to this Order without further order from this Court. Any discovery material produced by a Party prior to the entry of this Order may be designated "Confidential – Subject to Protective Order" within fourteen (14) days of the entry of such Order. Any resulting designation shall be made in writing to each Party to whom such discovery material was originally produced.

2. Discovery material produced in this action by any party or non-party which contains or discloses information alleged to be of a non-public nature, including, but not limited to, information related to the sexual activity of a minor, may be marked by the producing party or non-party as "Confidential – Subject to Protective Order" ("Confidential Discovery Material"). In agreeing that parties and non-parties may designate discovery material as Confidential Discovery Material, in the first instance, the parties do not endorse the propriety of any such designation and reserve all rights to challenge any such designation in accordance with paragraph 11 of this Protective Order by appropriate application to the Court.

3. Notwithstanding anything to the contrary, Confidential Discovery Material shall not include documents or information previously or currently in the public domain.

4. All Confidential Discovery Material produced by any party or non-party shall be used only for the prosecution or defense of this litigation, and for no other litigation and not for any other purpose, unless such use is agreed to by both the producing and requesting parties.

5. As to all discovery material provided by any party or non-party, its employees or former employees, under no circumstances, other than those specifically provided for in this or subsequent court orders, shall Confidential Discovery Material be disclosed to persons other than the following: counsel who have entered their appearance in this action for the parties in this

action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants and employees of such counsel to the extent reasonably necessary to render professional services in this litigation; to persons with prior knowledge of the information and/or documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Such documents and/or information may also be disclosed—

(a) to any person designated by the Court in the interest of justice, upon such terms as the court may deem proper;

(b) to potential party witnesses; provided, however, that said party witness may not retain any documents containing Confidential Discovery Material unless said individual has signed the Acknowledgment of Protective Order and Agreement to be Bound as described in subparagraph (c); and

(c) to persons noticed for depositions; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to the named parties, and for any organizational entities, such employees of the entity parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed the attached form

        Acknowledgment of Protective Order and Agreement to be Bound containing—

    (1)    a recital that the signatory has read and understands this order;

    (2)    a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

    (3)    a statement that the signatory consents to the exercise of personal jurisdiction by this court.

5.    Confidential Discovery Material may be used during depositions subject to the following:

    (a)    A non-party deponent may during the deposition be shown and examined about Confidential Discovery Material. All deponents shall, prior to being shown any Confidential Discovery Material, sign the Acknowledgment of Protective Order and Agreement to be Bound as prescribed in paragraph 4(b) and will be bound thereto. Non-party deponents, other than those retained and disclosed experts, shall not retain or copy portions of the transcript of their depositions that contain Confidential Discovery Material not provided by them or the entities they represent or retain or copy any exhibits that contain Confidential Discovery Material.

    (b)    Parties (and deponents) may, within 14 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential Discovery Material within the deposition transcript may be designated by designating in writing the page and line numbers that are

confidential. Until expiration of the 14-day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates Confidential Discovery Material in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

6. The terms and limitations of this Protective Order shall not be modified or deviated from except upon written stipulation by counsel for the parties, or by Order of this Court.

7. In the event additional persons become parties to this litigation, they shall not have access to Confidential Discovery Material produced by or obtained from any party or non-party until the newly joined party, by its counsel, and existing parties, by their counsel, have executed and filed with the Court a Protective Order, and such Confidential Discovery Material may be provided only in accordance with such Protective Order.

8. Upon conclusion of this litigation, the provisions of this Order shall not terminate. All Confidential Discovery Material and all copies thereof shall either be returned within thirty (30) days of the conclusion of this litigation to the producing party or non-party, or shall be certified to have been destroyed, at the option of the producing party or non-party. This litigation shall be deemed to have concluded upon the exhaustion of the rights of all parties to appeal.

9. If a party disagrees with the "Confidential Discovery Material" designation, it shall first attempt to resolve the dispute through good faith negotiation with the designating party

or non-party. If the matter cannot be resolved, the party may challenge the designation by motion to the Court. The party making the designation shall have the burden to establish that its confidential designation is supported by good cause.

10. The production of any discovery materials by any party or non-party in this litigation, and the use thereof in this litigation in compliance with the terms of this Protective Order, be and hereby is directed by the Court. Such production and use shall not be a violation or breach by the producing party or non-party of any agreements between the producing party or non-party and any other party, non-party, or other entity.

12. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Discovery Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

13. Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents sought.

*Protective order to be vacated on Nov. 11, 2011*

Dated: 8/14/09

_Jean C Hamilton_
Hon. Jean Hamilton, District Judge

Accepted and Agreed:

By /s/ John R. Gunn
**THE GUNN LAW FIRM, P.C.**
John R. Gunn, #118014
jgunn@thegunnlawfirm.com
Gregory P. Zitko, #553802
gzitko@thegunnlawfirm.com
1714 Deer Tracks Trail, #Suite 240
St. Louis, Missouri 63131
Phone: (314) 965-1200
Fax:    (314) 965-1054

ATTORNEYS FOR DEFENDANTS

By /s/ Bhavik R. Patel
**SANDBERG, PHOENIX & von GONTARD, P.C.**
Bhavik R. Patel, #5212011
One City Centre, 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)
E-mail: bpatel@spvg.com

ATTORNEYS FOR PLAINTIFF