UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN LEMERY, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00167 JCH |
| ) | |
| CHELSEA DUROSO, et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Second Motion to Strike Affirmative Defenses ("Motion"). (Doc. No. 30).

**BACKGROUND**

The Court summarized the background of this case in detail in its Memorandum and Order, dated June 16, 2009. (Doc. No. 24). In its prior Order, the Court struck three of Defendants' affirmative defenses. Thereafter, Defendant reasserted the affirmative defenses not stricken by the Court. (Doc. No. 27-2). Defendants also amended their first affirmative defense, which was stricken as insufficient as a matter of law. (Doc. No. 24, pp. 4-5; Doc. No. 27-2, p. 1). Plaintiffs now move to strike Defendants' affirmative defenses. For the reasons below, the Court denies Plaintiffs' Motion.

**DISCUSSION**

**I.  First Affirmative Defense**

In their first affirmative defense, Defendants assert that the Servicemembers' Group Life Insurance Act, 38 U.S.C. §§1965-1980A ("SGLIA") preempts Plaintiffs' Missouri statutory and/or common law claims. In support of this assertion, Defendants note that, pursuant to 38 U.S.C. §

1970, properly designated beneficiaries are first in order for the payment of claims on a SGLIA policy. Defendants further assert that Cory Lemery properly designated Defendants as his beneficiaries. Defendants allege that if this Court applies Missouri statutory and/or common law, as Plaintiffs request, the resulting distribution of SGLIA proceeds would be contrary to federal law. Therefore, Defendants assert that Plaintiffs' claims are preempted by federal law.

In amending their first affirmative defense, Defendants plead facts to support their position that Plaintiffs' state law claims are inconsistent with the SGLIA. In their Memorandum in Support of their Second Motion to Strike Affirmative Defenses and Reply to Defendants' Memorandum in Opposition to Plaintiffs' Second Motion to Strike Affirmative Defenses (Doc. Nos. 31, 35), Plaintiffs have not provided a basis to strike Defendants' first affirmative defense under Fed. R. Civ. P. 12(f). Plaintiffs have not met their burden of showing that the defense raised was insufficient, redundant, immaterial, impertinent or scandalous. See Fed. R. Civ. P. 12(f). Rather, the affirmative defense "'presents a question of law and fact that the court ought to hear.'" Bartoe v. Mo. Barge Line Co., No. 1:07cv165, 2009 U.S. Dist. LEXIS 34679, at *2 (E.D. Mo. Apr. 24, 2009) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). Finding that Defendants have adequately alleged their first amended affirmative defense, the Court will not strike it. Plaintiffs' Motion to Strike Defendants' first amended affirmative defense is denied.

## II.     Second, Third, Fourth, and Fifth Affirmative Defenses

On June 16, 2009, this Court declined to strike Defendants' affirmative defenses, now numbered two, three, four, and five. (Doc. No. 24). Plaintiffs have offered no new bases for the Court to depart from its prior decision and the Court finds no reason to do so.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Kevin and Michelle Lemery's Second Motion to Strike Affirmative Defenses (Doc. No. 30) is **DENIED**.

Dated this 26th day of October, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE